```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GLASGOW, INC.                        :    CIVIL ACTION
                                     :
          v.                         :
                                     :
JPI APARTMENT DEVELOPMENT, L.P.      :
and JPI DEVELOPMENT SERVICES, L.P.:       NO. 07-613
```

MEMORANDUM AND ORDER

FULLAM, SR. J.                                    October 22, 2007

      The plaintiff agreed to sell the defendants 76 acres of vacant land in Upper Merion Township, Pennsylvania. The sale was contingent upon securing certain zoning and planning approvals from the local government, and the parties extended the original contract dates several times over five years to accommodate the process. For present purposes, only the initial agreement and the Sixth Amendment thereto are relevant. Both parties have moved for summary judgment, the plaintiff claiming that defendants must pay $ 400,000 and the defendants arguing that they owe nothing.

      The plaintiff's claim rests on Paragraph 13 of the Sixth Amendment, which states in relevant part:

> The Seller and Purchaser hereby agree to extend the outside Closing Date to April 3, 2007. As consideration for Seller's agreement to extend the Closing Date as provided in this Paragraph 13, within three (3) business days after full execution of this Amendment by Purchaser and Seller, Purchaser shall pay to Seller an extension payment in the amount of One Hundred Thousand and No/100 Dollars ($ 100,000) (the "**Third Extension Payment**") which shall be applicable to the Purchase Price at Closing. The Third Extension

> Payment shall be non-refundable to Purchaser except in the event of a default by Seller under Agreement Paragraph 9.1(b) (and subject to the notice and cure periods set forth therein).  As additional consideration for Seller's agreement to extend the Closing Date as provided in this Paragraph 13, within three (3) business days after Purchaser obtains final, non-appealable rezoning of the Land to allow for the Anticipated Use of the Land in accordance with a development plan acceptable to Purchaser (which development plans must include the Land Storm Water Facilities) and which is otherwise consistent with the terms of this Amendment, Purchaser shall pay to Seller a further extension payment in the amount of Four Hundred Thousand and No/100 Dollars ($ 400,000.00) (the "**Fourth Extension Payment**").  The Fourth Extension Payment shall be applicable to the Purchase Price and not refundable to Purchaser except in the event of a default by Seller under Agreement Paragraph 9.1(b) (and subject to the notice and cure periods set forth therein).

Sixth Amendment to Agreement ¶ 13.  The parties do not dispute that the local government approved the rezoning or that the defendant did not complete the purchase.  The only dispute is whether the defendants must pay the $ 400,000 "fourth extension payment".

The defendants argue that nothing is owed because the remedies provision of the original agreement limits what plaintiff may receive as liquidated damages:

> If Purchaser defaults in the performance of its obligations under this Agreement, and Seller is not in default hereunder, and Purchaser fails to cure such default within ten (10) days after written notice from Seller to Purchaser specifying such default, then Seller shall be entitled to receive (to the extent not yet received) and retain the Earnest Money Deposit and any Extension Deposit made by Purchaser as liquidated damages.  Seller waives all other rights or remedies in the event of such a default by Purchaser.

2

Agreement ¶ 9.1(a).  According to the defendants, because the $ 400,000 was an "extension payment" and not an "extension deposit," it does not fall within the liquidated damages provision.  I cannot accept defendants' argument.  Nothing in the agreements would support a finding that the parties chose language with such care; nor were there any first or second extension payments, although there were earlier deposits.  Agreement at ¶ 4.3.  If the terms were not interchangeable for purposes of the agreements, then the agreements make no sense, and defendants would be entitled to reclaim the $ 100,000 "Third Extension Payment," which they have not tried to do.

Based on any rational reading of the agreements, the "Fourth Amendment Payment" was intended to form part of the liquidated damages that Plaintiff is "entitled to receive (to the extent not yet received)."  I therefore conclude that plaintiff's motion for summary judgment must be granted, and defendants' denied.  Any suggestion that Plaintiff is entitled to counsel fees pursuant to Rule 11 is rejected; the requirements of that Rule were not followed.

An order will enter.